**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN THE MATTER OF | IN PROCEEDINGS UNDER CHAPTER 13 |
| HOWARD W. SWARTZ, | NO. 05-33558 |
| DEBTOR | JUDGE: BLACK(Joliet) |

**NOTICE OF FILING**

**Notified via Electronic Filing**
U.S. Trustee , 227 W Monroe, Ste 3350, Chicago, IL 60606
Glenn Stearns, 4343 Commerce Court, Suite 120, Lisle, IL 60532
Ronald D. Cummings, 121 Springfield Ave., Joliet, IL 60435
**Notified via US Postal Service**
Howard W. Swartz, 508 Campbell St, Joliet, IL 60435

Please take notice that on the 4th day of April, 2008 I did file with the Clerk of the United States Bankruptcy Court, 219 S Dearborn, Chicago, IL 60604 the Response to Completion of Payment of Mortgage Arrears.

**AFFIDAVIT OF SERVICE**

The undersigned, an attorney, hereby certifies that I have served a copy of this Notice along with the attached objection upon the parties listed above, by causing same to be mailed in a properly addressed envelope, postage prepaid, from 4201 Lake Cook Rd, Northbrook, IL 60062-1060, before the hour of 5:00 PM on April 4, 2008, unless a copy was provided electronically by the Clerk of the Court.

Respectfully Submitted,

_____
Christopher A. Cieniawa

Richard B. Aronow ARDC# 03123969
Christopher A. Cieniawa ARDC# 06187452
Michael J. Kalkowski ARDC# 06185654
Josephine J. Miceli ARDC# 06243494
Marc G. Wagman ARDC# 06282192
Fisher and Shapiro, LLC
4201 Lake Cook Rd
Northbrook, IL 60062-1060
(847)291-1717
Attorneys for Movant
07-7286D

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**

### IN THE UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF | IN PROCEEDINGS UNDER CHAPTER 13 |
| HOWARD W. SWARTZ, | NO. 05-33558 |
| DEBTOR | JUDGE: BLACK(Joliet) |

### RESPONSE TO PAYMENT OF FINAL MORTGAGE CURE AMOUNT UNDER PARAGRAPH B(2)(b) OF THE PLAN

NOW COMES the Movant, Select Portfolio Servicing, by and through its attorneys, Fisher and Shapiro, LLC, and states as follows:

1.  That, the Movant services a loan which is secured by a mortgage on the Debtor's real property commonly known as: 508 Campbell Street, Joliet, IL. 60435.

2.  That, on March 12, 2008, the Chapter 13 Trustee filed a Notice of Payment of Final Mortgage Cure Amount in connection with said debt.

3.  That, in fact, as of the date on which that notice was filed, the Debtor had failed to pay the Movant three (3) monthly mortgage payments of $220.21, each.

4.  That, said failure has resulted in a post-petition mortgage default to the Movant of $ 660.63 (as of March 12, 2008), plus attorneys fees incurred in connection with the preparation and the filing of the instant notice and any hearings which may arise there from.

WHEREFORE, Select Portfolio Servicing, affirmatively states that the subject loan has not been brought current through the instant Chapter 13 case.

Respectfully submitted,

*/s/ Christopher A. Cieniawa*

Christopher A. Cieniawa
Attorney for Select Portfolio Servicing

Richard B. Aronow ARDC# 03123969
Christopher A. Cieniawa ARDC# 06187452
Michael J. Kalkowski ARDC# 06185654
Josephine J. Miceli ARDC# 06243494
Marc G. Wagman ARDC# 06282192
Fisher and Shapiro, LLC
4201 Lake Cook Rd
Northbrook, IL 60062-1060
(847)291-1717
Attorneys for Movant
07-7286D

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**

Glenn B Stearns Chapter 13 Trustee
4343 Commerce Court, Suite 120
Lisle, IL 60532
Ph:630-577-1313  Fax:630-577-1341

In re:
HOWARD W SWARTZ

Case No. 05 B 33558
Account No. 1000361326/HSWA1-BK1

RONALD D CUMMINGS
121 SPRINGFIELD AVE
JOLIET IL
60435

HOWARD W SWARTZ
508 CAMPBELL ST
JOLIET IL
60435

SPECIALIZED LOAN SERVICING
8742 LUCENT BLVD #300
HIGHLANDS RANCH CO
80129

NOTICE OF PAYMENT OF FINAL MORTGAGE CURE AMOUNT UNDER PARAGRAPH B(2)(b) OF PLAN

   Please take notice that the final payment of the cure amount specified in Section E of the confirmed plan of the above referenced debtor has been paid.  Pursuant to the plan, all pre-petition obligations of the debtor have been satisfied and the mortgage holder is required to treat the mortgage as reinstated and fully current unless the debtor has failed to make timely payments of post-petition obligations.

   If the debtor has failed to make timely payments of any post-petition obligation, the mortgage holder is required to itemize all outstanding payment obligations as of the date of the notice and file a statement of these obligations with the court.  The notice shall be filed with the court within sixty (60) days (or as such longer time as the court may order) of the service of the notice of cure from the Trustee and the notice shall be served to the debtor, debtor's attorney, and the standing trustee.  If the mortgage holder fails to file and serve a statement of outstanding obligations within the required time, the holder is then required to treat the mortgage as reinstated according to its original terms and fully current as of the date of the trustee's notice.

   If the mortgage holder does serve a statement of outstanding obligations within the required time, the debtor may (i), within thirty (30) days of the service of the statement, challenge the accuracy of the statement by a motion filed with the court as a contested matter with notice to the mortgage holder and the standing trustee or (ii), propose a modified plan to provide for payment of additional amounts that the debtor acknowledges or the court determines to be due.  To the extent that the amounts set forth on a timely filed statement of outstanding obligations are not determined by the court to be invalid or are not paid by the debtor through a modified plan, the right of the mortgage holder to collect these amounts will be unaffected.

   Any costs of collection, including attorney fees, incurred by the mortgage holder after filing of this bankruptcy case and before the final payment of the cure amount specified in Section E may be added to that cure amount pursuant to court order on on motion of the holder.  Otherwise, any such costs of collection shall be claimed pursuant to sub-paragraph (b) above.

   The undersigned certifies that this notice was sent to the above named parties on March 12, 2008

/S/ Kate Grenda
_____

For: Glenn Stearns, Standing Trustee